Argued November 27, affirmed December 10, 1918, rehearing denied January 7, 1919.

# MASSEY v. BECKER.*

(176 Pac. 425.)

**Sales—Rescission by Seller—Action for Money Paid by Buyer.**

1. When a seller abandons his contract to sell, the buyer, in his choice of remedies, may elect to rescind the contract and maintain an action at law to recover what he has paid thereon as money had and received.

**Sales — Payment in Installments — Acceptance of Payments After Default—Election.**

2. Where contract of sale provides for payments in installments, and stipulates that for default as to any the seller shall have the right to declare forfeited all payments made, acceptance of payment by seller after buyer is in default is waiver of right to declare forfeiture and election to consider contract in force.

**Sales—Notice of Rescission by Seller.**

3. Where contract of sale provides for payment in installments and stipulates that for default as to any the seller shall have the right to declare forfeited all payments made, the seller has no right to forfeit except after notice and allowance of reasonable time to comply with the contract.

[As to lien of vendor of personalty, see note in 83 Am. St. Rep. 451.]

**Sales—Wrongful Rescission by Seller—Assent by Buyer—Effect.**

4. When seller wrongfully attempted to rescind, having elected by acceptance of a payment after buyer's default to consider contract still in force, buyer had the right to assent to such rescission, thereby accomplishing it by mutual consent.

**Sales—Rescission by Agreement—Restoration of Status Quo—Recovery by Buyer.**

5. Where buyer and seller both consented to rescission, neither can base claim thereon except in so far as it is necessary to restoration of the *status quo;* rescission by mutual agreement ending contract.

**Sales—Recovery of Price by Buyer—Rescission.**

6. Where sale contract is rescinded by mutual consent, the buyer may recover back what he has paid.

*On recovery back of money paid on rescission or abandonment of contract, see note in 30 L. R. A. 50.

On acceptance of portion of installment as affecting right to rescind continuing contract, see note in 21 L. R. A. (N. S.) 864.

On duty to place other party in *status quo* on rescission of contract, see note in 30 L. R. A. 44.                                REPORTER.

7. In action by buyer to recover what he had paid on contract wrongfully rescinded by seller, buyer's reply to seller's answer setting up rescission, denying that time was of the essence, and alleging the seller wrongfully renounced and abandoned, was not a departure from complaint.

From Multnomah: HARRY H. BELT, Judge.

Department 2.

This is an appeal by the defendant from a judgment of the Circuit Court in favor of plaintiff. The cause was tried by the court without the intervention of a jury. The complaint alleges in substance that on and between the eighteenth day of March and the twenty-sixth day of May, 1915, the defendant had and received from the plaintiff to his use and benefit the sum of $168, and alleges a demand and failure to pay. The answer admits the complaint in part and denies a part thereof, and affirmatively alleges that about the eighteenth day of March, 1915, plaintiff entered into a contract with defendant to buy an automobile for the sum of $450;—$100 to be paid in cash;—$100 within forty-five days therefrom; and the balance of the purchase price, $250, at the rate of $40 per month; title to the property to remain in defendant until the purchase price was fully paid, and alleges that time was of the essence of the contract. That if payments were not made promptly when due, defendant should have the right to cancel the contract and retain the amounts paid thereon as liquidated damages. That plaintiff made the following payments only: March 18, 1915, $100; May 10, 1915, $30; May 17, 1915, $16; May 28, 1915, $22. All of which should have been paid on or before the 5th day of May; that on July 29th, defendant declared the contract forfeited and canceled the same on account of nonpayment.

The plaintiff replied denying that time was of the essence of the contract, and setting forth the contract substantially as in defendant's answer, and averring that the defendant accepted the sum of $68, paid on the dates named in May, 1915, after the same became due according to the terms of the contract, and that defendant wrongfully renounced and abandoned the contract while the same was in full force and effect; that plaintiff thereupon assented to said rescission of the contract by defendant and demanded repayment of the sums paid by plaintiff. The defendant demurred to the complaint and filed a motion for judgment on the pleadings contending that the complaint and the reply taken together do not show that the plaintiff is entitled to a judgment. The court made findings of fact in substance as alleged in plaintiff's reply in part as follows:

"That on July 29, 1915, and while said contract was in full force and effect, defendant, by reason of plaintiff's alleged default in the full payment of said installment due under said contract on May 3, 1915, repudiated, rescinded and abandoned said contract. That plaintiff thereupon assented to said abandonment and rescission by defendant of said contract, and demanded from defendant the repayment of all sums paid by plaintiff to defendant under said contract, to wit, $168; but that defendant refused, and still does refuse, to repay said sum or any part thereof."

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Cicero M. Idleman.*

For respondent there was a brief and an oral argument by *Mr. F. E. Swope.*

BEAN, J.—1. It is also contended on behalf of defendant that the reply is a departure from the com-

plaint and therefore the defendant's motion for judgment should have been allowed. The matter as presented practically involves but one question, whether or not the plaintiff is entitled to recover upon the facts as alleged by him and as found by the trial court. It is a well-settled rule of law that when a vendor abandons his contract to sell, the vendee in his choice of remedies may elect to rescind the contract and maintain an action at law to recover what he has paid thereon as money had and received: 27 Cyc. 867, 868; *Graham* v. *Merchant*, 43 Or. 294, 304 (72 Pac. 1088); *Maffet* v. *Oregon & California Railroad Co.*, 46 Or. 443, 457, 458 (80 Pac. 489).

2, 3. Where a contract of sale like the one in question provides for the payment of the purchase price in installments and stipulates that if any installment shall not be paid when due, the vendor shall have the right to declare forfeited all payments which have been made; the acceptance of a payment by the vendor after the vendee is in default is an election to consider the contract still in force. The acceptance by the defendant of the payments aggregating $68 after the $100 payment was due on May 5, 1915, was such an election, and while the plaintiff was in default under the waiver of the right to declare a forfeiture, the defendant vendor had no right to forfeit except after notice and after allowing plaintiff the vendee a reasonable time within which to comply with the terms of the contract: *Graham* v. *Merchant*, 43 Or. 294 (72 Pac. 1088).

4. When the defendant wrongfully attempted to abrogate and rescind the contract, the plaintiff had the right to assent to such rescission, thereby accomplishing the same by mutual consent: 2 Parsons on Contracts, § 678; 13 C. J., § 624, p. 601; *Woodard* v.

*Willamette Valley Irrigated Land Co.,* 89 Or. 10 (173 Pac. 262).

5–7. The plaintiff and defendant both having consented to a rescission of the contract, neither can base a claim thereon except in so far as is necessary to the restoration of the *status quo.* It is the rule that when a contract of sale has been rescinded by the mutual assent and agreement of the parties, the contract is at an end, and in the absence of an agreement to the contrary, the vendee not being at fault may recover back the money paid on his contract: 2 Black on Rescission, 535; 2 Warvelle on Vendors, § 826; 13 C. J., § 627, p. 602. While the plaintiff by his reply sets forth the contract made between the parties and alleges that the defendant wrongfully rescinded the same, he does this in explanation of the facts alleged in the answer, and does not base his claim upon the contract, but alleges facts showing that it has been terminated and treats it as at an end, and asserts his claim for the amount paid thereon as money had and received which is in consonance with the above authorities. Therefore, the reply does not constitute a departure from the complaint: See *Mayes* v. *Stephens,* 38 Or. 512, 514 (63 Pac. 760, 64 Pac. 319); *Crown Cycle Co.* v. *Brown,* 39 Or. 285 (64 Pac. 451). Upon the facts stated in his pleadings and as found by the trial court, the plaintiff is entitled to recover.

Finding no error in the record, the judgment of the lower court is affirmed.

AFFIRMED.    REHEARING DENIED.

McBRIDE, C. J., and JOHNS and OLSON, JJ., concur.