Argued February 9; affirmed April 17, 1934

# JOHNSON ET UX. *v.* FESKENS ET UX.

(31 P. (2d) 667)

*Ronald C. Glover,* of Salem, for appellants.

*Guy O. Smith,* of Salem, for respondents.

RAND, C. J. This is an appeal from a decree in favor of the defendants. The suit was to rescind a contract for the purchase and sale of a house and lot in the city of Salem and to obtain a forfeiture of the moneys paid under the contract. The facts are these: On April 13, 1929, the plaintiffs entered into a written contract with the defendant Antone Feskens wherein it was agreed that the plaintiffs would sell and the defendant buy said property for the agreed price of $2,900, $500 of which was then paid in cash; that the balance of the purchase price should be paid on the 15th day of each third month thereafter in installments of $25 each, and that the defendant should pay quarterly interest on the unpaid balance at the rate of 7 per cent per annum. At the time the contract was entered into the property was incumbered by a mortgage for $2,100 and it was stipulated that when defendant's indebtedness under the contract should be reduced to the sum of $2,100, plaintiffs, at their option, could terminate the contract by conveying the property to defendant subject to the mortgage. The contract also contained the provision that:

"It is understood and agreed that time is the essence of this contract and the party of the first part has the option to declare the amount paid hereon forfeited and this contract cancelled unless the payments hereinbefore mentioned shall be made strictly at the time and place provided.

"Provided, That in case of the serious illness of the said second party, or of loss of position if he is a salaried employee, at any time during the said installment period, the payment of the remaining installments may be deferred at his option until his recovery therefrom, or until he secures another position, but not to exceed in any event a period of three months, without the forfeiture of remaining installments."

Pursuant to this contract, the defendants, who were husband and wife, took possession of the premises, paid the taxes, kept the property insured, and, while so in possession, paid on account of the principal the sum of $200 and all interest on the unpaid purchase money up to and including the payment falling due in July, 1932. There is no dispute as to the amounts paid nor as to the dates when such payments were made. The complaint states the account as follows:

| Date | Principal | Interest | Balance |
| --- | --- | --- | --- |
| July 15, 1929 | $25.00 | $42.00 | $2375.00 |
| Oct. 13, 1929 | 25.00 | 41.57 | 2350.00 |
| Jan. 13, 1930 | 25.00 | 41.12 | 2325.00 |
| Apr. 10, 1930 | 25.00 | 40.69 | 2300.00 |
| July 14, 1930 | 25.00 | 40.25 | 2275.00 |
| Oct. 15, 1930 | 25.00 | 39.82 | 2250.00 |
| Jan. 14, 1931 | | 39.38 | |
| Apr. 14, 1931 | 25.00 | 39.38 | 2225.00 |
| July 16, 1931 | | 38.95 | |
| Oct. 14, 1931 | 25.00 | 38.94 | 2200.00 |
| Jan. 15, 1932 | | 38.50 | |
| Apr. 14, 1932 | | 38.50 | |
| July 14, 1932 | | 38.50 | |

It will thus be seen that defendants first failed to make strict performance of the contract in January, 1931, and that thereafter plaintiffs received and accepted from the defendants numerous partial payments which were not made in strict compliance with the contract and also that there was no payment of either principal or interest made in October, 1932.

On November 4, 1932, plaintiffs instituted this suit and attached to their complaint as an exhibit a copy of the contract and alleged that the defendants had breached the contract by failing to make the payments at the times and in the amounts specified in the contract.

The defendants answered, setting up as a defense to the suit and as grounds for equitable relief that the plaintiffs had waived the provision that the time of performance should be of the essence of the contract and also their right to claim a forfeiture by their acceptance of payments during the times the defendants were in default of amounts less than those provided in the contract and also alleging that the plaintiffs had expressly stated to the defendants that the defendants would not be required to pay any of said installments at the times and in the amounts specified in the contracts, and that, relying upon such promise, the defendants had continued to make payments under the contract while so in default and further alleging that said permission had never been withdrawn and that they had never been notified that they would be required to make any subsequent payments in strict compliance with the terms of the contract. These allegations were denied by the reply.

Upon the trial of the cause, it was established by the evidence that Antone Feskens had lost his position and had no steady employment during the times when each of the defaults had occurred. The evidence also showed that defendants were in possession of the property while so in default and from the time the contract was entered into until the commencement of this suit and that during said time the property was of the reasonable rental value of $20 per month. In its decision

the learned trial court deducted from the total amount paid the rental value of the property during defendants' occupancy thereof and entered a decree awarding judgment to the defendants for the difference in the sum of $471.59, and decreed that defendants should have a lien upon the property for the amount of said judgment. This plaintiffs contend was error.

■■■ The right to declare a forfeiture is derived from the stipulations of the parties and if parties under no disabilities choose to contract for a forfeiture a court of equity can afford no relief against the forfeiture in the absence of some fraud or improper practice upon the part of the person seeking to impose the forfeiture: 2 Warvelle on Vendors (2d Ed.), section 807. But notwithstanding this, forfeitures are regarded by the courts as a harsh way of terminating contracts and where a party insists upon a forfeiture he must establish his right by clear and convincing proof. This right, however, like all other rights growing out of contract, may be waived and when, as in the case at bar, a contract reserves to the vendor the right to rescind and to declare a forfeiture if full payment of the purchase money or of any installment thereof is not made by a certain day, the vendor waives his right either to rescind or declare a forfeiture for all prior defaults in payment by continuing to receive partial payments after that day. See 27 R. C. L., p. 662, and note. But as said in 2 Warvelle on Vendors (2d Ed.), section 819:

"But while the acceptance of an overdue installment will be considered as a waiver of the penalty of forfeiture so far as respects that particular installment, yet the mere receipt of one or more payments after the time fixed upon will not of itself operate as a waiver of the right to declare a forfeiture for the nonpayment of installments subsequently falling due."

■ The commonly accepted definition of a waiver is that it is an intentional relinquishment of a known right. This definition includes both knowledge and intent—knowledge of the existence of the right and an intention to relinquish it.

■■ In contracts for the sale of land, a waiver of the right to declare a forfeiture may result from the acts of the vendor or he may be precluded from enforcing the forfeiture by his own statements made to and acted upon by the vendee. Defendants contend that upon both of these grounds the waiver must be sustained. That the plaintiffs accepted payments in partial amounts and at times after there had been a breach of the contract by the defendants is admitted and there was evidence offered upon the trial tending to show that the plaintiffs promised to continue the contract in force if these partial payments were made. A waiver may amount to an estoppel but not necessarily so. The distinction between the two is pointed out in *Kimball v. Horticultural Fire Relief*, 79 Or. 133 (154 P. 578), and *Propst v. William Hanley Co.*, 94 Or. 397 (185 P. 766), and need not be repeated here.

It is clear from the record made in this case that in January, 1931, when defendants offered to pay plaintiffs the interest then due under the contract without at the same time offering to pay the installment then due on account of the principal, plaintiffs had the right to elect whether to rescind the contract for failure to pay the full amount then due under the contract and that, by accepting a partial payment, they elected to continue the contract in force. In making this choice of one of the two alternatives, they necessarily surrendered the other and when the later payments were made they elected to accept them rather than to rescind

the contract. These payments were made and accepted up to and including July, 1932. In accepting such payments, plaintiffs surrendered the right to rescind on account of any default then or previously made. As was said by Mr. Justice Holmes, speaking for the court in *Bierce v. Hutchins,* 205 U. S. 340 (27 S. Ct. 524, 51 L. Ed. 828) :

"Election is simply what its name imports : a choice shown by an overt act, between two inconsistent rights, either of which may be asserted at the will of the chooser alone."

■ Because of the elections thus made, plaintiffs must base their right to rescind alone on defendants' failure to make any payment in October, 1932. Was this failure sufficient to entitle the plaintiffs to rescind in the absence of previous notice to defendants from the plaintiffs that the defendants would thereafter be required to strictly perform the contract? This question is answered in the negative by the decision of this court in *Massey v. Becker,* 90 Or. 461 (176 P. 425). Mr. Justice BEAN, speaking for the court, said:

"Where a contract of sale like the one in question provides for the payment of the purchase price in installments and stipulates that if any installment shall not be paid when due, the vendor shall have the right to declare forfeited all payments which have been made; the acceptance of a payment by the vendor after the vendee is in default is an election to consider the contract still in force. The acceptance by the defendant of the payments aggregating $68 after the $100 payment was due on May 5, 1915, was such an election, and while the plaintiff was in default under the waiver of the right to declare a forfeiture, the defendant vendor had no right to forfeit except after notice and after allowing plaintiff the vendee a reasonable time within which to comply with the terms of the contract: Graham v. Merchant, 43 Or. 294 (72 Pac. 1088).

"When the defendant wrongfully attempted to abrogate and rescind the contract, the plaintiff had the right to assent to such rescission, thereby accomplishing the same by mutual consent: 2 Parsons on Contracts, § 678; 13 C. J., § 624, p. 601; Woodard v. Willamette Valley Irrigated Land Co., 89 Or. 10 (173 Pac. 262).

"The plaintiff and defendant both having consented to a rescission of the contract, neither can base a claim thereon except in so far as is necessary to the restoration of the *status quo*. It is the rule that when a contract of sale has been rescinded by the mutual assent and agreement of the parties, the contract is at an end, and in the absence of an agreement to the contrary, the vendee not being at fault may recover back the money paid on his contract: 2 Black on Rescission, 535; 2 Warvelle on Vendors, § 826; 13 C. J., § 627, p. 602."

The case at bar is very similar to *Olson v. Pixler,* 138 Or. 250 (6 P. (2d) 23), where this court, speaking through Mr. Justice CAMPBELL, said:

"There is no material dispute as to the amount paid, nor the dates on which the payments were made. This is a case, not unusual, where the parties entered into a written contract and thereafter by their conduct nullified an essential provision of it. The defendant failed to live up to his part of the contract by not making the payments at the times specified, and the plaintiff abrogated the provision that time should be the essence of the contract by accepting said payments, and breached the contract by bringing the instant suit without due notice to the defendant of his intention to rehabilitate time as the essence of the contract: Hawkins v. Rogers, 91 Or. 483 (179 P. 563, 905); Epplett v. Empire Investment Co., 99 Or. 533 (194 P. 461, 700); Anderson v. Hurlbert et al., 109 Or. 284 at 296 (219 P. 1092); Comstock Mfg. Co. v. Schiffman et al., 113 Or. 677 at 684 (234 P. 293)."

Hence, under the decisions of this court, whether the acts of plaintiffs constituted a waiver or an election to keep the contract in force, or a promissory estoppel, plaintiffs were not entitled at the time this suit was commenced to a rescission of the contract or a forfeiture of the moneys paid since they had given no notice to the defendants that the defendants would thereafter be required to pay the amounts specified in the contract on the dates stated therein. We think for another reason the contract could not have been then rescinded since the evidence shows that the defendant Antone Feskens had lost his position and had no steady employment at the time. While the parties had made the time of performance of the essence of the contract, this provision had been so qualified by other provisions of the contract that plaintiffs were not entitled to a rescission on the date when the suit was commenced.

The decree, therefore, will be affirmed, and it is so ordered.

CAMPBELL, BEAN and BAILEY, JJ., concur.