Argued February 17; affirmed March 23, 1937

RYNHART *v.* WELCH ET AL.

(65 P. (2d) 1420)

*Otto K. Paulus* and *Custer E. Ross*, both of Salem, for appellant.

*E. M. Page*, of Salem (Carson & Carson and Keyes & Page, all of Salem, on the brief), for respondents.

RAND, J. This appeal is from a decree in favor of the defendants in a suit wherein the plaintiff is seeking to recover for moneys paid and improvements made under a written contract for the purchase and sale of lands and to have the sums thus paid decreed to be a lien upon the land.

The contract was entered into on September 18, 1929, by plaintiff, as purchaser, and Ellen L. Welch and her husband, who has since died, as vendors. The subject matter of the contract was the purchase and sale of a certain described 10.6-acre tract of land located some six miles north of the city of Salem. The price stipulated to be paid therefor was the sum of $3,150, of which $100 was paid at the time the contract was entered into, the balance to be paid in monthly installments of $10 each with interest on the unpaid balance at the rate of 6 per cent per annum, the first of said installments to be paid on October 20, 1929, and the remaining installments to be paid on the 20th day of every succeeding month until the full purchase price had been paid. It further provided that, during the life of the contract, the vendee should ''regularly and seasonably pay all taxes'' which should thereafter be assessed and levied against the land.

Pursuant to the terms of the contract, plaintiff entered into the possession of the premises and, while so in possession and before making default in the payment of any installment, she erected a small dwelling house and two chicken houses and made certain other improvements on the premises. In addition thereto, and with the exception of two installments falling due on July 20 and September 20, 1931, respectively, she paid each of said monthly installments up to and including the one falling due on December 20, 1931, the

total amount so paid during said period being the sum of $616.05, of which $250 was applied in part payment of the purchase price and the balance of $366.05 was payment in full, except for the two months above referred to, of the interest then due under the terms of the contract. From that date on the plaintiff has continuously been in default. During the year 1932, she paid $11.12 on March 4th; $11.98 on April 30th; $12 on October 8th, and $5 on November 29th, a total of $40.10 only.

During eight months of the year 1933 and prior to October 1st thereof, the defendant Guy W. Jonas, who was then occupying the premises as a tenant of the plaintiff, paid to the vendor, under plaintiff's direction, the sum of $16 each month and, in addition thereto, plaintiff herself paid to the vendor $25 on January 13th; $50 on March 31st, and $23.53 on July 20th, making a total of $226.53 paid prior to November 1, 1933, on which day the vendor terminated the contract because of plaintiff's failure to comply with its terms.

It will thus be seen that had plaintiff complied with the terms of her contract on and prior to November 1, 1933, all interest and taxes then due would have been paid and the amount due on the purchase price would have been reduced to $2,560, whereas in fact the total obligations of the plaintiff, under the contract, on that date, including the unpaid taxes, exceeded the total amount which she had obligated herself to pay when she entered into the contract of September 18, 1929. Her obligations to the vendor, instead of having been reduced during the four years in question had in fact been increased.

Before terminating the contract, the vendor wrote several letters to the plaintiff, calling her attention to her defaults and stating that, unless the defaults were made good and future payments were not more punctually made, she would be compelled to terminate the contract. The first of said letters was written in November, 1932, and of course referred to the defaults that had previously occurred. During the following year she wrote other letters to the same effect and eventually on October 16, 1933, the vendor wrote a letter to the plaintiff, which, in part, reads as follows:

"You are notified that you are in arrears on the payments of your contract with me dated Sept. 18, 1929, for the purchase of real estate in Marion County, Oregon, since July, 1933. You have also failed to pay taxes assessed against said premises since the date of your contract. For these reasons, I will declare the contract null and void on November 1, 1933, unless full payments are made thereon, together with taxes. And upon your failure at said date to pay the said due, I will enter said premises and take possession thereof and thereafter the contract will be of no force and effect."

■ It is well settled that a right to rescind at the option of one of the parties may be reserved in the contract and may then be exercised by such party without reference to any other conditions than those specified in the contract. Under this contract the right to rescind was reserved to the vendor. It provides that time shall be of the essence of the contract and that, if the vendee

"shall fail to make the payments aforesaid, and each of them punctually, and upon the strict terms and times above limited, and likewise to perform and complete all and each of the agreements and stipulations aforesaid, strictly and literally, without any failure or default, then this contract, so far as it may bind the first

party, shall become utterly null and void, and all rights and interests hereby created, or then existing in favor of the second party, shall utterly cease and determine, and the right of possession, and all equitable and legal interests in the premises hereby contracted shall revert to and revest in said party, without any declaration of forfeiture or act of reentry, or any other act by said first party to be performed, and without any right of said second party of reclamation or compensation for money paid, improvements made or service performed, as absolutely, fully and perfectly as if this contract had never been made.''

■ It is also well settled in this state that a covenant in the contract for the sale of land that the time of payment shall be of the essence of the contract and that upon failure of the vendee to comply therewith, the contract becomes null and void is for the exclusive benefit of the vendor, and gives him the right to elect whether to terminate the contract or to continue it in force, and that, where it has been waived for a time, reasonable notice must be given by the vendor of an intention to resort to the strict terms of the contract before a forfeiture may be declared. So it has uniformly been held in this state that, where a purchaser of land, under a contract for a deed containing a clause making time of payment of the essence of the contract, is in default of payments thereunder and the vendor has not taken advantage of the terms of the contract and insisted upon strict compliance therewith, such vendor has lulled the purchaser into a sense of false security and, before he can take advantage of his option to cancel the contract and forfeit the payments made thereunder, he must reinstate the time essence clause by a notice giving the purchaser a reasonable time in which to pay up his defaults: *Graham v. Merchant*, 43 Or. 294 (72 P. 1088) ; *Miles v. Hemenway*, 59 Or. 318 (111

P. 696, 117 P. 273) ; *Gray v. Pelton,* 67 Or. 239 (135 P. 755) ; *Massey v. Becker,* 90 Or. 461 (176 P. 425) ; *Johnson v. Berns,* 111 Or. 165 (209 P. 94, 224 P. 624, 225 P. 727) ; *Ewing v. Ryan,* 113 Or. 225 (231 P. 981) ; *Lea v. Blokland,* 122 Or. 230 (257 P. 801) ; *Olson v. Pixler,* 138 Or. 250 (6 P. (2d) 23) ; *Johnson v. Feskens,* 146 Or. 657 (31 P. (2d) 667).

Under the facts proved in this case, it is clear that the time essence clause of this contract was waived by the consent and conduct of Mrs. Welch in accepting numerous payments long after they had become due and of lesser amounts than those contracted for.

Under the decisions above cited, it is clear that, if a party means to rescind the contract because of the failure of the other party to perform, he should give a clear notice of his intention to do so unless the contract itself dispenses with such notice or unless such notice becomes unnecessary by reason of the conduct of the parties: 1 Sugd. Vend. c. 5, § 5; *Hennessy v. Bacon,* 137 U. S. 78 (11 S. Ct. 17, 34 L. Ed. 605). The purpose of requiring notice to be given to the vendee in such case is to give him a reasonable opportunity to pay what he owes under the contract and to notify him of the vendor's intention to compel him to comply thereafter with the strict terms of the contract. The notice must, of course, refer to payments then due or to become due under the contract and the time specified therein must be reasonable and not arbitrary and must afford a reasonable time for making the payment. What will be a reasonable time will, of course depend upon the facts and circumstances of the particular case.

It is the rule generally that, in the absence of a provision of forfeiture in the contract, the party desiring to rescind must return or tender a return of all the

property received by him under the contract. Under this rule, had there been no time essence clause or other provision of forfeiture in the contract, the vendor, in terminating the contract, would have been required to return to the vendee the amount of the purchase money paid plus the value of any permanent improvements placed upon the land less the damage which had been occasioned to the vendor by the vendee's failure to perform the contract. But since the contract does contain a forfeiture clause and makes no reference to improvements on the land, the vendor was entitled to stand on the strict terms of her contract without being required to return or tender any part of the purchase money paid or for said improvements if she can show, by clear and satisfactory testimony, that she was legally entitled to terminate the contract and declare a forfeiture and that, in doing so, she was acting strictly within the authority conferred by the contract.

■ While it is true that forfeitures are not regarded by courts with any special favor and equity favors compensation rather than forfeiture, yet, where the parties have stipulated that time shall be of the essence of the contract and that a failure to make the payments or to comply with the conditions of the contract shall entitle one of such parties to declare a forfeiture of the contract and to retain the moneys paid, such a stipulation, unless waived or, where such stipulation has, for a time, been waived and a reasonable notice of its reinstatement has been given to the other party, is valid and enforceable. See *Graham v. Merchant,* supra, where it was held that a provision in a contract for the sale of realty, giving the vendor the right of forfeiture upon default in the payment of any installment of the purchase price, was valid and will be enforced according to its terms when the right has been duly exercised.

As was said in *Holland v. Bradley,* 140 Or. 258 (12 P. (2d) 1100):

" * * * A forfeiture declared, pursuant to the terms of the contract, executes the agreement as effectually as performance itself. It is an assertion of a right granted by the contract."

In *Johnson v. Feskens,* supra, at p. 661, it is said:

"The right to declare a forfeiture is derived from the stipulations of the parties and if parties under no disabilities choose to contract for a forfeiture a court of equity can afford no relief against the forfeiture in the absence of some fraud or improper practice upon the part of the person seeking to impose the forfeiture: 2 Warevelle on Vendors (2d Ed.), section 807."

This language was quoted with approval in *Title & Trust Co. v. Durkheimer Inv. Co.,* 155 Or. 427 (63 P. (2d) 909), and is the last expression of this court upon that subject.

As before stated, plaintiff placed buildings of considerable value on the property before she became in default and she now contends that, because of the rescission by the vendor, she is entitled to recover the reasonable value thereof.

■ A purchaser who makes improvements or places buildings upon land of which he is in the occupancy under a contract of purchase does so at his peril. Such improvements will ordinarily inure to the benefit of the owner of the fee as constituting a part of the freehold if the purchase is not completed: *Tyler v. Fickett,* 75 Mo. 211; 2 Warvelle on Vendors (2d Ed.), section 823.

■ From what has been said, it will be seen that the rights of the parties depend upon whether or not the vendor, after having waived default for such a long

period and in notifying the plaintiff, on October 16, 1933, of her intention to rescind the contract on November 1, 1933, unless the amounts then owed by the plaintiff should be paid on or before that date, gave plaintiff a reasonable notice of her intention and afforded plaintiff a reasonable opportunity to make up her defaults. If this were the only notice that had been given to plaintiff of the vendor's intention to rescind the contract or if any tender of the amount due or offer to pay the same had then or subsequently been made by the vendee, we think the notice given would not have been sufficient because of the shortness of the time specified in the notice. Again, if there had been any evidence offered showing or tending to show that it would have been possible for the plaintiff, had a longer time been granted, to obtain the money necessary to pay what she owed under the contract and to meet the future payments that would later fall due thereunder, a different situation would be presented. The evidence shows, and it is undisputed, that plaintiff had been repeatedly told that, unless she could pay over the moneys she was then owing under the contract, the vendor would be compelled to terminate the contract. Plaintiff promised to meet these payments but the promise was not kept and the time was many times extended but always with the understanding that the vendor intended to terminate the contract unless a reasonable effort was made by the vendee to comply with its terms. This the vendee promised to do but always failed to perform. The last payment made and credited under the contract was made on or about September 23d, 1933, by Jonas, who was occupying the premises at the time as a tenant of plaintiff. This payment and other payments made by him were made pursuant to and in part performance

of a promise previously made to the vendor by the plaintiff.

In terms, this contract was to run for twenty-five years and five months and required the making of 305 monthly installments before the title was to pass. The first installment was for the sum of $25.25, $10 of which was paid on the principal and $15.25 on the interest charge. Obviously a contract of this nature and running for that length of time would be of but little value to either party if the payments were not punctually made. Having paid practically nothing during the last two years and having previously been in default and there being an entire failure in the evidence tending to show that, if a further extension of time had been granted, either the plaintiff or her husband had any means or source of income which would enable them to comply with the contract, we are constrained to hold that the plaintiff is not entitled to any relief.

For that reason, the decree of the lower court must be affirmed, neither party to have costs in this or the lower court, and it is so ordered.

BEAN, C. J., and BAILEY and CAMPBELL, JJ., concur.