TONY MIKULICH AND SAM PANIFLOW, APPEL-
LANTS, *v.* MAUN R. DILTZ, RESPONDENT.

No. 3830

March 31, 1955. 281 P.2d 800.

*David Zenoff* and *Calvin C. Magleby,* of Las Vegas,
for Appellants.

*Edwin J. Dotson,* of Las Vegas, for Respondent.

## O P I N I O N

By the Court, MERRILL, C. J.:

This is an appeal from judgment of restitution for unjust enrichment. The sole question is whether, as held by the trial court, the facts present a true case of unjust enrichment. In our opinion they do not and judgment must be reversed. For the purposes of this opinion, appellants will be designated as vendors and respondent as purchaser.

The parties entered into an oral contract for the purchase of real property located in Clark County near Las Vegas. The agreed sale price was $3,000 with the sum of $250 as a down payment due at such time as the contract was reduced to writing; the balance being payable at the rate of $50 a month thereafter. Under this arrangement and without the contract having been reduced to writing, the purchaser and his wife took possession of the premises with the consent of the vendors.

Located upon the premises were a small cabin and a small house. The latter had just been moved to the property from another location and was not yet connected for utility services or otherwise rendered habitable. The purchaser and his wife lived in the cabin while work of repair and improvement carried on by them rendered the house habitable. They then moved to the house. The trial court found the value of their work in labor and materials to be $2,049.50.

After the purchaser and his wife had thus been in possession for over a year, the contract never having been reduced to writing and nothing having been paid on the purchase price, demand for down payment was made by the vendors. The purchaser himself was away at the time and was not due to return to Las Vegas for some months. His wife advised the vendors that she was unable to pay anything but that on her husband's return they would see what could be done. The vendors advised that they could not wait that long for a decision as they were in present need of money. The wife was ordered to vacate within a fixed period of time and did so. Later the premises were further substantially improved by the vendors, streets to the property were graded and surfaced by the county and the property was sold by the vendors for a price of $7,800.

This action was brought by the purchaser for restitution based upon general equitable principles, Nevada having no betterment act or occupying claimant act. The vendors have counterclaimed for use and occupancy of the premises.

The trial court found "that while said plaintiff was on said premises he placed certain improvements on said property and as a direct result thereof the defendants received certain benefits by reason of the enhancement of the value of the property which is indicated by the sale price for which the property was subsequently sold." It concluded, "That the plaintiff is entitled to judgment against the defendants arising out of the unjust enrichment which the defendants have enjoyed by reason of the materials and labor placed upon the premises of the defendants by the plaintiff * * *." An offset of $560 in favor of the vendors was allowed by the court as reasonable rental for the period of occupancy. Judgment in favor of the purchaser was entered in the sum of $1,489.50.

The obligation of vendors to make restitution, as found by the trial court, did not rest upon any agreement express or implied in fact. The obligation, if it exists,

exists by virtue of a contract implied in law, a quasi-contract imposed to prevent the unjust enrichment of the vendors at the expense of the purchaser. See: Restatement Of The Law, Restitution, sec. 1.

There can be no question but that the vendors were enriched by the labor and material furnished by the purchaser. But every enrichment does not, in the eyes of the law, furnish a legal right to compensation. In the case at bar an essential element is wholly lacking, the element of what has been called "misreliance" upon a right: that the benefits were "conferred under the inducement of an erroneous belief as to a fact essential to the * * * existence or availability of a right." Woodward on Quasi-Contracts, page 12, sec. 10. See also Wigmore, A Summary of Quasi-Contracts, 25 American Law Review 46.

The benefits here conferred were not conferred under an erroneous belief as to the existence of any fact or right. The rights of the purchaser were known by him to be dependent upon compliance with the terms of the contract of purchase. The terms and existence of that contract were not disputed. Had the vendors here repudiated the contract as void under the statute of frauds and rejected a tender of down payment, the case would be quite different. The vendors did no such thing, however. They demanded compliance and were denied compliance. The rights of the purchaser were lost not through his misreliance upon a supposed legal relationship, not through the intervention of some fact or principle of law unknown to him; but through his failure to meet his own known duties under the contract.

Nor can it be said that his breach was of a condition unexpectedly rendered impossible to perform through unforeseen circumstances beyond his control. From the record it appears that money which might have been used for making the agreed payments had voluntarily been spent by the purchaser for other purposes, including that of making the premises habitable for himself and his wife. The fact that the purchaser was without

funds can only be attributed to an unfortunate exercise of his own judgment upon financial matters. We may well sympathize with him in this respect. To hold, however, that the legal consequences of misreliance may result from such a free though unfortunate exercise of choice would, we fear, have a most upsetting effect upon the stability of business contracts and transactions generally. In the business world one customarily must accept the consequences of his own errors of judgment. One must anticipate that change of fortune may well cause loss of an investment through one's inability to protect it by further undertaking pursuant to contract.

In Chabot v. Winter Park Co., 34 Fla. 258, 15 So. 756, 759, 43 Am.St.Rep. 192, 201, as in the case before us, the purchaser had improved the property to a substantial extent in comparison with the purchase price. The court stated, "We have been unable to find any case where compensation [for improvements] was allowed a vendee where his case failed, not from any technical defect in the form of his contract, but on account of his own laches, negligence and disregard of his obligations. The appellant in this case may suffer some pecuniary loss from which we might wish to save him, but he is in a predicament into which he has gotten himself by his own conduct, and from which we are powerless to extricate him." To the same effect are Gillet v. Maynard, 5 Johns., N.Y. 85, 4 Am.Dec. 329; Seabury v. Stewart, 22 Ala. 207, 58 Am.Dec. 254; Patton v. Moore, 16 W. Va. 428, 37 Am.Rep. 789; Rynhart v. Welch, 156 Ore. 48, 65 P.2d 1420; See Keener on Quasi-Contracts, page 214 et seq.; 55 Am.Jur. 1031, Vendor & Purchaser, sec. 637; 27 Am.Jur. 262, Improvements, sec. 5.

As to the counterclaim of the vendors, its validity exists only as an equitable offset to the claim of the purchaser. The purchaser's occupancy of the premises was with the consent of the vendors and was without any agreement express or implied as to rental. Certainly the vendors were more than adequately compensated for

use and occupancy through the improvements made upon the premises.

Judgment is reversed and the matter remanded with instructions that judgment be entered in favor of the defendants upon the complaint of the plaintiff and in favor of the plaintiff upon the counterclaim of the defendants. Appellants are allowed their costs.

BADT and EATHER, JJ., concur.