399 P.2d 438

Robert F. WEYHER and Naomi F. Weyher, his wife, Plaintiffs and Respondents,

v.

Frank A. PETERSON and Elsie C. Peterson, his wife, Defendants and Appellants.

No. 10125.

Supreme Court of Utah.

March 2, 1965.

Ronald C. Barker, Salt Lake City, for appellant.

Elliott Lee Pratt, Clyde, Mecham & Pratt, Salt Lake City, for respondent.

McDONOUGH, Justice:

Weyher, vendor, brought proceedings to evict Peterson, vendee from real estate after latter defaulted on payments. Peterson's counterclaim for equity in the premises was dismissed and judgment entered for Weyher. Peterson appeals. Affirmed with costs to plaintiff.

In 1955 Peterson purchased under a Uniform Real Estate Contract a house and land from Weyher for $1,500 down and $1,260 plus interest annually with taxes and insurance to be paid by vendee. On July 25, 1962, when 13 payments were past due, Weyher made the last of many requests for payments in default by a letter to vendee demanding that the payments be brought current within 20 days. Weyher had refused proffered payments for June, 1962, and July, 1962, maintaining that he would only accept lump-sum compensation for all delinquent payments. Peterson failed to comply and on August 20, 1962, Weyher served a Notice to Quit, as allowed by our Forcible Entry and Detainer Statute, requiring total past payments in five days, or in the alternative to vacate and surrender the premises, as provided in the contract. Legal process was commenced October 8, 1962; and after delivering a quitclaim deed conveying the premises to Weyher but with reservation of the right to recover his equity, Peterson vacated the premises on December 15, 1962. Peterson counterclaimed for $6,500, his alleged equity in the premises.

■ Defendant argues that since plaintiff proceeded under the Forcible Entry and Detainer Statute his claim should be dismissed, because the Statute is not applicable to vendor-vendee situations. This court has ruled otherwise.[1] However, if this action was solely on that ground defendant argued himself out of this court, for then the appeal was not timely made.[2] But plaintiff also claims relief under the contract executed by the parties; we will rule on that, the proper, ground.

■ Contrary to defendant's claim, we see no sharp practice here. Vendor accorded defendant leniency in demanding strict compliance with the contract, and repeated warnings demanding strict compliance should have cautioned defendant that he could not default indefinitely. There was no waiver of forfeiture by plaintiff.[3] By two written notices, defendant was given 31 days to bring the payments current or vacate the premises, which option defendant ignored.

■ The pertinent issue is whether the forfeiture of all past payments on the premises as provided in the contract unconscionably burdened defendant. In the event of buyer's default, the contract provides:

" * * * all payments which have been made theretofore on this contract by the buyer, shall be forfeited to the

1. Christy v. Guild, 101 Utah 313, 121 P. 2d 401.
2. Appeal from judgment on Forcible Entry and Detainer Statute shall be within 10 days, Section 78–36–11, U.C.A.1953.

3. State Mutual Insurance Co. v. Strickland, 218 Ga. 94, 126 S.E.2d 683.

seller as liquidated damages for the nonperformance of the contract and the buyer agrees that the seller may at his option re-enter and take possession of said premises without legal process as its first and former estate, together with all improvements and additions made by the buyer thereon * * *."

Carlson v. Hamilton[4] is strikingly similar and controlling here. It is undisputed that defendant paid $9,387 on the contract in the form of principal, interest, insurance and taxes; spent $3,078 for improvements; and that plaintiff paid $700 for repairs and $855 in real estate commission to resell the premises. The stipulated rental value for the period of occupancy by defendant was $8,950. In determining whether it is unconscionable for plaintiff to retain benefit of all payments made by the vendee, we are to consider the rental value of the premises and damages caused to vendor by the defaulting vendee.[5] The rental value and damages, totaling $10,505, exceed the $9,-387 vendee paid on the contract by $1,118. These figures do not include loss of an advantageous bargain to the vendor.[6] We do not consider vendee's voluntary improvement of the premises, for the contract and law require him to sacrifice them in event of his failure to meet his known duties under the contract.[7] Obviously, there is no inequity to defendant by refusing to allow him to recover some of his payments.

CROCKETT, WADE and CALLISTER, JJ., concur.

HENRIOD, C. J., concurs in the result.

---

4. 8 Utah 2d 272, 332 P.2d 989.
5. Cole v. Parker, 5 Utah 2d 263, 300 P. 2d 623.

6. Supra see Note 5.
7. Erisman v. Overman, 11 Utah 2d 258, 358 P.2d 85; Mikulich v. Diltz, 71 Nev. 115, 281 P.2d 800.