Argued and submitted January 18, reversed and remanded April 7, 1980

## PITTMAN,
### *Appellant,*
#### *v.*
## THOMPSON, et ux,
### *Respondents.*

## (No. 21892, CA 14836)

608 P2d 1223

Carl M. Dutli, Prineville, argued the cause for appellant. With him on the brief was Kowolowski & Dutli, Prineville.

Gerald A. Martin and Gray, Fancher, Holmes & Hurley, Bend, filed the brief for respondents.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Plaintiff-buyer appeals from the decree of the trial court denying him relief after the defendants declared a forfeiture under a contract for the sale of land. We reverse.

Plaintiff and defendants entered into an earnest money agreement on August 29, 1976, in which plaintiff agreed to buy and defendants to sell five acres of land in Deschutes county for $12,500. The earnest money agreement was a printed form on which the particular terms of the sale were filled in by the parties. It provided that the sellers "have this day sold to the * * * purchaser" the described land, possession to be delivered on or before September 1, 1976. It stated that $1000 earnest money had been paid and that the balance was payable in installments of $120 per month, including interest at 7 percent, payable on the 5th of each month beginning October 5, 1976. The agreement further provided that if

> "* * * the purchaser neglects or refuses to comply with any of the conditions of this sale within 10 days and to make payments promptly, as hereinabove set forth, then the earnest money herein receipted for shall be forfeited to the seller as liquidated damages, and this contract shall thereupon be of no further binding effect."

The contract declared time to be of the essence. It also contained a provision for award of attorney fees to the prevailing party in any action brought on the contract.

Shortly after the earnest money agreement was signed plaintiff moved a 24-foot mobile home onto the property for use by the carpenter he had engaged to make some improvements on the house situated there. He made arrangements to have the electricity turned on and the account transferred to his name. He and his wife visited the property occasionally on weekends.

Plaintiff made the payment due on October 5, 1976, on October 17. He did so by mailing the amount due with a payment book provided by defendants for that

purpose. Defendants entered the date and amount of the payment in the book and mailed it back to plaintiff. He made the November 5 payment on November 30, along with the payment due on December 5. Each payment was entered in the payment book by defendants and the book was returned to plaintiff.

Although the earnest money agreement did not so provide, the parties agree that a more formal land sale contract was to be prepared by defendants' attorney. Plaintiff was notified by defendants in late September and again in early November that the contract was in their attorney's office in Bend and was ready for plaintiff to sign. Plaintiff, who lived in Portland, indicated that he would sign it when he was able to get to Bend on a week day when the attorney's office would be open.

On January 20, 1977, plaintiff received a letter from defendants' attorney notifying him that defendants were declaring a forfeiture under the contract and informing him that unless the mobile home on the property was removed immediately a possessory storage lien would be claimed against it. Plaintiff removed the mobile home.

The payment due on January 5, 1977, had not been made when the January 20 letter was received, nor had the contract drawn by defendants' attorney been signed by plaintiff. In March of 1977 a tender of the payments due to that date was made by plaintiff and refused by defendants. The April payment was tendered and refused on about March 31, 1977.

Plaintiff then commenced this suit seeking specific performance of the earnest money agreement or, in the alternative, return of the money he had expended, including that which he had paid for the work done on the house located on the property. The trial court denied relief, finding that plaintiff had forfeited his rights under the earnest money agreement as shown by his failure to sign the contract prepared by defendants' attorney, failure to make all payments due, and abandonment of the premises.

Although a vendee's interest in real property can be abandoned, *see Hull v. Clemens et al.,* 200 Or 533, 267 P2d 225 (1954), there is no evidence here to support the conclusion that plaintiff intended to abandon the property in dispute, nor was there an act of abandonment. The removal of the trailer home by plaintiff was in response to defendants' threat to claim a storage lien against it, which threat was contained in the letter claiming a forfeiture. Defendants' declaration of forfeiture may not be based on any claimed abandonment of the property by plaintiff.

As to plaintiff's failure to sign the contract prepared by defendants' attorney, plaintiff has not refused to sign it; to the contrary, he has indicated his willingness to do so. Although defendants informed plaintiff that the contract was ready to be signed there is no indication that they notified him that it must be signed at or by any particular time, nor did they mail it to him for his signature or make arrangements to have it available on a weekend when plaintiff would be in Bend. Without more, plaintiff's failure to sign the contract before January 20, 1977, was not a basis upon which defendants were entitled to declare a forfeiture.

Although the contract between the parties provided that time was of the essence, defendants accepted late payments from plaintiff beginning with the first installment payment. Where, as here, sellers accept late payments under a contract requiring prompt payments, they may not declare a forfeiture unless and until they reinstate the time-essence provision by notifying the buyer that all future payments must be made promptly in strict accordance with the contract and that failure to do so will result in a forfeiture. *Johnson et al. v. Berns et al.,* 111 Or 165, 209 P 94, 224 P 624, 225 P 727 (1924); *Rynhart v. Welch,* 156 Or 48, 65 P2d 1420 (1937); *Smith v. Carleton,* 185 Or 672, 205 P2d 160 (1949). Defendants did not so notify plaintiff here of their intention to enforce the prompt payment

provision of the earnest money agreement, but declared a forfeiture even though they had accepted late payments from the beginning without objection. Under the circumstances, defendants were not entitled to declare a forfeiture by virtue of the late payments.

Because we have concluded that defendants were not entitled to declare a forfeiture under the contract, we must determine whether plaintiff should be granted specific performance. An earnest money agreement may represent the completed agreement of the parties or it may only represent a rough form of what is intended to be followed by a final contract. *Higgins v. Bonnett,* 282 Or 725, 728, 580 P2d 180 (1978); *Phillips v. Johnson,* 266 Or 544, 552, 514 P2d 1337 (1973). Although the earnest money agreement here does not mention another contract to be signed, neither party disputes that they did agree that a formal contract would be prepared by defendants' attorney. It is not, however, contended that the earnest money agreement did not contain the essential terms of the agreement between the parties, or that it is not sufficiently definite to be enforceable. *See Southworth v. Oliver,* 284 Or 361, 587 P2d 994 (1978); *cf. Seal v. Polehn,* 284 Or 259, 586 P2d 345 (1978).

Plaintiff's prayer is that defendants be required to execute and deliver to plaintiff a land sale contract in accordance with the terms of the earnest money agreement. We conclude that plaintiff is entitled to that relief. Accordingly, the decree of the trial court denying specific performance is reversed. It follows that the award of attorney fees to defendants is also reversed.

Reversed and remanded.