Argued March 8, affirmed June 27, 1978

# HIGGINS et ux, *Appellants,*
### *v.*
# BONNETT et ux, *Respondents.*
### (No. 77-0959, SC 25340)
580 P2d 180

James V. Delapoer, of Long & Post, Albany, argued the cause and filed the briefs for appellants.

Thomas M. Allen, of Butler, Husk & Gleaves, Eugene, argued the cause and filed a brief for respondents.

. Before Denecke, Chief Justice, and Holman and Howell, Justices, and Joseph, Justice pro tempore.

HOWELL, J.

**HOWELL, J.**

Plaintiffs, as purchasers, filed this suit seeking specific performance of an earnest money agreement for the sale of real property.[1] Defendants demurred on the grounds the complaint did not state a cause of suit. The demurrer was sustained and a decree entered for defendants. Plaintiffs appeal.

Using a printed form with a typed addendum attached, the parties executed an earnest money agreement for the sale of the real property. The printed form portion of the agreement recited the purchase price of the property being sold by defendants to plaintiffs as $160,000, with $5,000 paid down at the time of the execution of the earnest money agreement and $15,000 to be paid at closing.

The addendum listed other provisions including the interest rate, annual payments of $20,000 or more, acreage release clauses, and rights of the purchasers to go upon the property to make tests. While the addendum did not specifically so state, it seems apparent that the purchasers were planning to subdivide the property and would require governmental approval.

It is equally clear from the addendum that the parties were putting together a sophisticated land sale. The addendum also stated:

"*Buyer will execute land sales contract in the form as prepared and approved by seller's attorney in favor of seller* * * *.* In the event buyer fails to approve or reject said land sales contract within 30 days after it is presented by seller, earnest money shall be forfeited to seller and buyer shall have no further claim or right to the property. If buyer rejects said land sales contract, the earnest money shall be refunded and buyer shall have no further right in the property. * * *." (Emphasis added.)

Pursuant to the agreement, the defendants' attorney prepared a detailed sales contract and submitted it

---

[1] Plaintiffs' prayer requested that defendants be required "to provide the buyer with a Land Sale Contract not incompative [sic] with the Earnest Money Agreement."

to plaintiffs. The plaintiffs were dissatisfied with many of the terms contained in the contract, and, instead of exercising their rights under the earnest money agreement to reject the contract and secure a refund of the earnest money, plaintiffs filed this suit for specific performance of the earnest money agreement. In their complaint plaintiffs allege some 23 instances in which they claim that the contract was a contradiction of, or a substantial departure from, the terms contained in the earnest money agreement.

■ Where the alleged contract is contained in various writings, it is the province of the court to construe them to determine if they constitute a contract. *Wagner v. Rainier Mfg. Co.,* 230 Or 531, 371 P2d 74 (1962).

■■ An earnest money agreement may represent the completed agreement of the parties or it may be only a sealing of the "bargain in a rough form" to be followed by a final contract. *Phillips v. Johnson,* 266 Or 544, 552, 514 P2d 1337 (1973).

> In *Wagner v. Rainier Mfg. Co., supra,* we stated:
>
> " '* * * Normally the fact that parties contemplate the execution of a final written agreement justifies a strong inference that the parties do not intend to be bound by earlier negotiations or agreements until the final terms are settled. * * * Said fact does not conclusively establish such intention. * * * If all the material terms which are to be incorporated into a future writing have been agreed upon, it may be inferred that the writing to be drafted and delivered is a mere memorial of the contract, which is already final by the earlier mutual assent of the parties to those terms.* * * * * *' " (*Quoting Rosenfield v. United States Trust Co.,* 290 Mass 210, 216, 195 NE 323, 122 ALR 1210 (1935).) 230 Or at 540.

In the present case it is clear that the parties did not intend the earnest money agreement to constitute the completed agreement. The parties specifically provided that sellers would have prepared "and approved by seller's attorney in favor of seller" a land sale contract to be submitted to plaintiffs as buyers. If the

contract submitted was not approved by plaintiffs, they were entitled to reject it and secure a return of the earnest money payment.

The plaintiffs as buyers were not entitled to a contract which satisfied only their interest. The defendants as sellers were entitled to present a contract which protected their interest in the property to be sold.

We conclude from an analysis of the earnest money agreement, the contract, and the pleadings that the parties entered into an earnest money agreement which contained incomplete terms of a fairly complicated land sale, that the parties agreed to the preparation of a final and complete contract by the defendants, and the plaintiffs, being dissatisfied, were entitled to reject the contract and recover the earnest money payment. Plaintiffs were not entitled to a contract which eliminated the clauses about which they now complain.[2]

Affirmed.

---

[2] Although we find that the parties did not intend the earnest money agreement to constitute their agreement for the sale of the property, we have examined the 23 alleged inconsistencies between the earnest money agreement and the final contract. We conclude that all the challenged items are provisions that would normally be included in a detailed land sale contract of this type.