Argued and submitted November 21, 1983, affirmed February 8, reconsideration denied March 23, petition for review denied April 17, 1984 (296 Or 829)

# KANE,
*Appellant,*

*v.*

# LEAGUE OF OREGON CITIES et al,
*Respondents.*

(233085; CA A27737)

676 P2d 901

Henry Kane, Beaverton, argued the cause and filed the briefs pro se for appellant.

Joyce Holmes Benjamin, Portland, argued the cause for respondents. With her on the brief was Benjamin, Waggoner, Chapman & Farleigh, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Plaintiff appeals from summary judgment entered in favor of defendants on a breach of contract claim. Plaintiff's complaint alleges that defendants, an unincorporated association of Oregon cities and its executive director, offered an award of $1,000 to the best qualified applicant to write and deliver a publication concerning recent developments in antitrust law, that plaintiff complied with all terms and conditions of defendants' offer, but that defendants nevertheless gave the award to a less qualified applicant than plaintiff. We affirm.

We review the record in the light most favorable to plaintiff. *Stanfield v. Laccoarce,* 288 Or 659, 665, 607 P2d 177 (1980); *Seeborg v. General Motors Corp.,* 284 Or 695, 699, 588 P2d 1100 (1978). Our task is to determine if there is a geniune issue of material fact which precludes entry of judgment as a matter of law in favor of defendants. *Forest Grove Brick v. Strickland,* 277 Or 81, 87-88, 559 P2d 502 (1977).

The facts are drawn from plaintiff's complaint and affidavit in opposition to defendants' motion for summary judgment. Defendants announced a Convention Fellows Program (Program) in its June, 1982, monthly newsletter. The announcement of the Program, set forth in more detail in the margin,[1] states that $1,000 would be awarded to each of three

---

[1] The Convention Fellows Program announcement provided, in pertinent part:

"The League is pleased to announce a new Fellowship program. Three fellows will be selected to write a publication on specific topics which will be published by the League. In addition, fellows will plan and organize a session which will be presented at the League annual convention this November in Eugene on their topics. One thousand dollars will be awarded to each of the three fellows by the League president at the convention in November.

"Three Fellowships will be awarded by a selection committee: The charges will be a publication and convention session for antitrust, one for cable television franchising, and one for health insurance costs containment.

"The purposes of this program are twofold. The League believes the three topics merit special publication for cities. It also recognizes that there is a wealth of untapped resources in its city officials—particularly in smaller cities and in assistant-level positions. Those scholarships will provide an opportunity for these individuals to use their knowledge and skills, and to be publicly recognized and awarded for them.

"*Topics*

"*Antitrust Publication:* The aim of this publication is to help cities and the League respond to the recent U. S. Supreme Court decisions exposing local governments to federal antitrust litigation. The major, desired sections of the

fellows at the League's annual convention. City officials were invited to apply for the fellowships, which were to be awarded by a selection committee. Each fellow was to prepare a publication and conduct a convention session on one of the three topics described in the announcement. The publication and convention session plan was to be approved by an advisory committee before a fellow would receive the $1,000

---

publication are as follows: (1) an analysis of current state statutes to determine whether various municipal functions, such as franchising, planning and zoning, and procurement of goods and services, are immune from antitrust liability; (2) a checklist of practical steps a city can take to protect itself in areas where immunity does not appear to exist; and (3) an annotated bibliography of other sources of information on the topic. Preference will be given to applicants with a background in law, and the author will be expected to consult during the project with Jim Mattis of the Bureau of Governmental Research and Service and Michael Huston of the League staff.

"* * * * *

"*Applications*

"Each application must include:

"(1) the applicant's name, title and full address
"(2) the topic for which the applicant is applying (antitrust, cable or health costs containment)
"(3) a letter stating why the applicant is interested in the topic; what he or she knows about the topic; and how additional information will be gathered
"(4) a rough outline of the publication
"(5) a sample of applicant's writing
"(6) applicant's resume
"(7) name, address, telephone number and relationship of three references

"*Timelines*

| | | |
|---|---|---|
| "June 30 | — | Applications due |
| "July 15 | — | Selection of fellows announced |
| "September 1 | — | 1st draft of publications due |
| "September 15 | — | Comments of committee members returned to scholars |
| "September 30 | — | Final convention session arrangements due |
| "October 20 | — | Final typed document due |

"*Conditions*

"The publications and convention plan are subject to approval by an advisory committee. Should an applicant's work be unsatisfactory, no award will be given to that individual.

"Any expenses incurred are the responsibility of the individual scholars.

"Applications should be sent to: Convention Fellows Program * * *."

award. The announcement also listed application requirements and deadlines.

One of the three topics was an antitrust publication. The announcement listed three areas the publication should address and stated that "preference will be given to applicants with a background in law * * *." Plaintiff, an attorney with experience in antitrust litigation, was one of only two applicants for the antitrust fellowship. Both were attorneys. The other applicant was awarded the fellowship by the selection committee; this lawsuit followed.

The contract alleged by plaintiff, if it exists at all, must be found in defendants' announcement of the program and plaintiff's application. Plaintiff contends that the announcement was an offer which he accepted by being the best qualified candidate to apply for the award. He urges us to view the program as a competition or contest for which he should have been judged the winner entitled to recover the prize. He also argues that he was not selected as a fellow because the selection committee applied criteria to his application other than those stated in the announcement.

When, as here, "the evidence of the alleged contract is all contained in letters or other writings, it is the province of the court to construe them and see if they constitute a contract." *Higgins v. Bonnett,* 282 Or 725, 728, 580 P2d 180 (1978); *Wagner v. Rainier Manufacturing Co.,* 230 Or 531, 537, 371 P2d 74 (1962). We do not believe that defendants' announcement was an offer because we do not believe that a reasonable person in the position of plaintiff would have been led to believe that defendants' announcement was an offer acceptable merely by application. *See Southworth v. Oliver,* 284 Or 361, 587 P2d 994 (1978); *see also* Restatement (Second) Contracts, § 26 (1981).

Nothing in defendants' announcement would lead a reasonable person in plaintiff's position to conclude that defendants intended the announcement as an offer. To the contrary, the announcement called for the submission of applications. Part of the application was to be a "rough outline of the [antitrust] publication," within the general areas specified by the announcement. A reasonable person reading defendants' announcement could only conclude that the

applicant was to submit a *proposed* publication which defendants could either accept or reject. Defendants' announcement did not contain a definite proposal that plaintiff could accept without further communications. *See Southworth v. Oliver, supra,* 284 Or at 370-75.

Plaintiff did, however, make an offer to defendants. The question then becomes: Were defendants required to accept it? In *Steinberg v. Chicago Medical School,* 69 Ill 2d 320, 371 NE2d 634 (1977), the Illinois Supreme Court faced a similar problem. There the plaintiff was an unsuccessful applicant to the defendant medical school. He brought suit against the school for breach of contract, alleging that he had received a brochure from the school describing the academic criteria it would apply in assessing his application but that, instead of using the published criteria in assessing his application, the school made its decision based on the ability of the plaintiff to pledge or make payments of large sums of money to the school. In finding a contract between the parties, the court said:

> "Here the description in the brochure containing the terms under which an application will be appraised constituted an invitation for an offer. The tender of the application, as well as the payment of the fee pursuant to the terms of the brochure, was an offer to apply. Acceptance of the application and fee constituted acceptance of an offer to apply under the criteria defendant had established." 69 Ill 2d at 330.

We believe a similar analysis should apply here, and we hold that defendants' announcement was an invitation for offers to apply for the fellowships. Once the defendants accepted plaintiff's offer to apply, it was bound to judge his application only on the basis of criteria stated in the announcement.

Only one express criterion is contained in the announcement. "Preference will be given to applicants with a background in law * * *." Both applicants for the antitrust award were attorneys; this criterion had no further relevance. The only other express provision regarding selection was that the fellowship "will be awarded by a selection committee." Inasmuch as the fellowship was awarded by a selection committee, plaintiff's application was treated consistently with the express terms of defendants' announcement.

The announcement is completely silent regarding any other criteria the selection committee would or could use in awarding the fellowships. In this respect, it differs from a contest which spells out criteria to be applied in choosing a winner. Plaintiff asks us to find an implied covenant—he admits there is no express one—to select only the best qualified applicant. We decline to do so. The announcement does not contain any criteria which could be applied by a finder of fact to determine the best qualified candidate, and we are convinced that, under the terms of the announcement, the selection committee was free to exercise discretion in choosing the program fellows.

Affirmed.