Argued and submitted November 28, 1984, reversed October 9, 1985

# AURORA AVIATION, INC.,
## *Respondent,*

*v.*

# AAR WESTERN SKYWAYS, INC.,
## *Appellant.*

## (A8106-03248; CA A30602)

707 P2d 631

David C. Baca, Portland, argued the cause for appellant. With him on the brief was Black, Tremaine, Lankton, Krieger & Schmeer, Portland.

Nancy Greene, Portland, argued the cause for respondent. On the brief were Charles R. Holloway, III, and Tooze, Kerr, Marshall & Shenker, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Plaintiff brought this action for, *inter alia,* breach of contract in connection with the sale of an airplane. The trial court awarded plaintiff $5,000 for profits lost from a planned resale of the plane. Defendant appeals, maintaining that the trial court erred in failing to grant a motion to dismiss or a motion for directed verdict for plaintiff's failure to plead and prove performance of certain conditions of the contract and, in the alternative, that the contract between the parties limited plaintiff's remedies so that plaintiff is not entitled to an award for lost profits. We reverse.

Plaintiff and defendant are commercial enterprises involved principally in the buying and selling of airplanes and related services. In 1980, plaintiff learned that a third party, Crippen, was interested in buying a particular type of airplane. In early March, 1981, plaintiff contacted defendant, which had an airplane meeting Crippen's needs. After a demonstration flight and inspection, Crippen offered to buy the plane from plaintiff for $120,000.

The parties to this action entered into an agreement under which defendant agreed to sell the plane to plaintiff. The agreement was written on a standard purchase order form. The agreement specified a purchase price of $115,000; plaintiff deposited a check for $1,000.

Although time was not expressly made of the essence, the parties agreed that plaintiff had to obtain financing within 14 days to complete the transaction on or before March 20, 1981. Because few sales actually materialize from such agreements, due to the cost of the planes and the difficulty of securing financing, it is standard practice in the business for sellers to continue to seek out other buyers; the parties acknowledged this practice in their testimony.

Crippen was to secure financing and transfer the funds to plaintiff, who in turn would pay defendant. According to the testimony, on March 20, 1981, the day the transaction was to be completed, plaintiff engaged in extensive efforts to assist Crippen in his attempt to obtain financing. Crippen finally obtained financing in the amount of $90,000; this information was communicated to defendant. Testimony for plaintiff was that it was informed that defendant would

deliver the plane on March 23, 1981. Defendant was given a check for $5,000 to hold the plane; the check was intended to replace the earlier check for $1,000. Including the substituted deposit, the amount now available was $95,000. There was no testimony concerning any discussion between the parties regarding the remaining $20,000 balance of the purchase price. A representative of defendant did testify that the remaining $20,000 was not paid or tendered on that date.

Still later the same day, and despite assuring delivery of the airplane to plaintiff, defendant agreed to sell it to another customer with whom defendant had been negotiating and from whom it had received a deposit a few days before. Defendant informed plaintiff of the sale on the morning of March 23, 1981, and later returned the uncashed deposit. Plaintiff then brought the present action. A jury awarded it damages of $5,000 for lost profits. This appeal followed.

Defendant's first and second assignments of error assert that plaintiff failed to plead and prove performance of conditions precedent as required by ORCP 20A[1] and that the trial court's failure to grant defendant's motion to dismiss and motion for a directed verdict on that basis was error.

Plaintiff's complaint alleged, in pertinent part:

"IX

"On or about March 6, 1981, defendant agreed to sell to plaintiff a Cessna airplane serial number N4759K, a P210 Cessna aircraft.

"X

"On or about March 6, plaintiff sold said aircraft to its customer Crippen.

"XI

"Said aircraft purchased by plaintiff's customer was financed by the manufacturer of said Cessna aircraft, all of said financing being completed by March 20, 1981, whereupon defendant agreed to deliver said aircraft on Monday, March 23, 1981. On said date, defendant informed plaintiff that it had sold the aircraft to another party, all to plaintiff's damage

---

[1] The text of ORCP 20A is set out *infra*. Defendant's motion against plaintiff's complaint was made for "fail[ure] to state ultimate facts sufficient to constitute a claim for relief." ORCP 21A(8). ORCP 21A(8) is a proper basis for asserting a failure to comply with ORCP 20A.

in the sum of $5,000 representing the lost profit on said transaction."

■ An express condition of the contract was that the transaction was "subject to financing," *i.e.,* completion of the deal depended on plaintiff being able to obtain financing and complete the purchase within a 14-day period ending on March 20, 1981. That was a condition precedent.

ORCP 20A provides:

"In pleading the performance or occurrence of conditions precedent, *it is sufficient to allege generally that all conditions precedent have been performed or have occurred.* A denial of performance or occurrence shall be made specifically and with particularity, and when so made the party pleading the performance or occurence shall on the trial establish the facts showing such performance or occurrence." (Emphasis supplied.)

As the rule makes clear, a *general* allegation that conditions precedent have been performed or occurred is sufficient. Plaintiff's complaint generally alleges that "all of said financing * * * [was] completed by March 20, 1981." We think that is sufficient to satisfy the requirements of ORCP 20A. A question still arises, however, as to whether it is sufficient to state a cause of action for breach of contract.

■ The rule in Oregon is that a party seeking to recover damages for an alleged breach of contract must plead *and* prove either substantial performance on his part or a valid excuse for his own failure to perform. *Wasserburger v. American Scientific Chemical, Inc.,* 267 Or 77, 82, 514 P2d 1097 (1973); *Lamb-Weston et al v. Oregon Automobile Ins. Co.,* 219 Or 110, 341 P2d 110, 346 P2d 643 (1959). Therefore, although financing was admittedly a condition precedent, payment or tender of payment and tender of delivery are concurrent conditions in an executory contract of the type involved here. Plaintiff's complaint alleges that, on the date the transaction was to be consummated, "defendant informed plaintiff that it had sold the aircraft to another party." In conjunction with ORCP 12A, which dictates that pleadings are to be "liberally construed with a view of substantial justice between the parties," we think that pleading sufficiently alleged facts constituting excuse or waiver of plaintiff's own performance

by alleging defendant's repudiation of the contract by conduct.

■     Having held plaintiff's pleadings sufficient, we turn to its proof. In addressing defendant's second assignment of error, it is the rule that

> "[b]ecause plaintiff had a verdict, we cannot set it aside unless we can affirmatively say that there is no evidence from which the jury could have found the facts necessary to establish the elements of plaintiff's cause of action. Or Const, Art VII (Amend), § 3. We do not weigh the evidence; we consider the evidence, including inferences, in the light most favorable to plaintiff." *Brown v. J.C. Penney Co.,* 297 Or 695, 705, 688 P2d 811 (1984).

Plaintiff had no duty to introduce any evidence beyond that required to establish facts in support of its right to recover for breach of contract. It is a settled rule of law in Oregon that

> "a declaration by one party to a contract made prior to the time fixed for the performance that he will not comply with such contract, if not withdrawn, may dispense with or excuse an offer to perform by the other party before bringing the action, *although it does not ordinarily excuse ability to perform.*" *Schucking v. Young,* 78 Or 483, 493, 153 P 803 (1915). (Emphasis supplied.)

*See also Anderson v. Wallowa National Bank,* 100 Or 679, 694, 198 P 560 (1921).

The evidence in this case surrounding the time of performance is this: One of defendant's witnesses testified that, after entering into the agreement, it kept in contact with plaintiff and with Cessna Finance Corporation (CFC) to see how or if financing was progressing. The branch manager at CFC, Hall, and a witness for defendant testified that up to 10 days passed without an application for financing being submitted from plaintiff or Crippen. Plaintiff's witnesses testified that, during that period, Crippen was unavailable, taking care of business in Alaska, and had not given them enough paperwork before leaving to enable CFC to complete financing. Processing of some documents such as credit checks and the initial application began March 18 or 19, but, when it became apparent that time was running out, Bennett, an officer of plaintiff corporation, flew to Spanaway, Washington, on March 20, picked up Crippen's financial data and then flew to

CFC's offices in Sacramento to expedite approval of financing. Hall, the CFC branch manager did not recall the date, but he did say that Bennett was in Sacramento.

Plaintiff's witnesses testified that Hall called Banta, an employe of defendant, and confirmed the financing, although defendant denies that the call was received. (Hall could not recall whether such a call was made.) Plaintiff's witness Bockman testified that Banta noted on the contract, "Aircraft loan OK by C.F.C." Bennett and Bockman both testified that Banta told plaintiff that it could pick up the plane on Monday, March 23. Bockman testified that a check for $5,000 was then given to Banta to hold the plane until Monday and that Banta noted that on the contract as well, initialling the deposit. Although the time of receipt is disputed by Banta, a check for $5,000, dated March 20, 1981, was entered into evidence, and a handwriting expert testified that the financing and deposit receipt notations on the contract, as well as the initials, matched Banta's handwriting.

Later in the day of March 20, defendant sold the plane to another customer, allegedly because of that customer's stronger financial background. Plaintiff's testimony was that, in the meantime, it had notified Crippen that he could pick up the plane on Monday and sign the paperwork at that time. At 8:30 a.m. on Monday morning, however, defendant called plaintiff and said that the plane had been sold and could not be delivered.

■ One of defendant's arguments regarding the sufficiency of plaintiff's evidence is that no evidence was introduced to show that plaintiff was "ready, willing and able to tender payment." We agree. As discussed previously, the rule in Oregon excuses tender of performance if one party has repudiated the contract. The case law does, however, require, in most cases, a showing that the plaintiff was *able* to perform but for the repudiation. *Benedict v. Harris,* 158 Or 613, 623, 77 P2d 442 (1938); *Shucking v. Young, supra,* 78 Or at 493. Although it is clear that at least $95,000 was available, there is a question as to the availability of the $20,000 balance.

■■ The only evidence specifically addressing the $20,000 is that of one of defendant's witnesses who, when asked if a check or cash in that amount was ever delivered, responded, "Not to my knowledge." If the record, particularly plaintiff's

testimony, tends to show that it *could* have procured the money had defendant been present and ready to perform and, therefore, that it would have been able to pay, the case was correctly submitted to the jury on that question. *Catlin v. Jones,* 52 Or 337, 342-43, 97 P 546 (1908). As far as we can discern, however, the record is devoid of any showing that plaintiff was either *able* to pay the $20,000 balance or that the amount was *available* to be paid to defendant. It was therefore error to deny defendant's motion for a directed verdict.[2]

Reversed.

---

[2] Given our disposition, we need not address defendant's third assignment of error.