Argued and submitted June 4, affirmed December 8, 1999

James WATSON,
*Respondent,*

*v.*

Stan L. MILLER
and Shirley E. Miller,
husband and wife,
*Appellants.*

Stan L. MILLER
and Shirley E. Miller,
*Third-Party Plaintiffs,*

*v.*

MM SITE DEVELOPMENT CORPORATION
and Mel Tennyson,
*Third-Party Defendants.*

(95-0341-L-1; CA A100480)

991 P2d 1083

Pamela E. Singer argued the cause for appellants. With her on the briefs were R. Scott Palmer, Edward C. Singer, Jr. and Muhlheim Palmer & Wade.

Karen C. Allan argued the cause for respondent. With her on the brief was Foster, Purdy, Allan, Peterson & Dahlin.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

Defendants appeal from a judgment awarding plaintiff damages for defendants' breach of their lease. Defendants assign error to the trial court's decision not to give three jury instructions they requested and to its conclusion that they were not entitled to specific performance of a settlement agreement. We affirm.

Because defendants assign error to the trial court's decision not to give their requested instructions, we state the facts in the light most favorable to them. *See Hernandez v. Barbo Machinery Co.*, 327 Or 99, 101 n 1, 957 P2d 147 (1998). Defendants planned to open a pizza parlor in Ashland, Oregon. In July 1992, they leased space from plaintiff for that purpose. The term of the lease began on December 18, 1992, and was to run for seven years. Almost immediately after opening their business, defendants began experiencing financial difficulty. When defendants could not meet their rent obligations, plaintiff, in an effort to keep defendants from going out of business, agreed to rent concessions. Despite those concessions, plaintiff sent defendants a notice of default in June 1993.

Defendants began searching for another tenant to take over their lease. When it appeared that a prospective tenant, Mountain Mike's, was going to lease the premises, plaintiff and defendants began discussing the terms of a proposed settlement agreement. In a letter to plaintiff's attorney dated July 15, 1993, defendants' attorney set out the terms of the proposed settlement agreement. According to the letter, plaintiff agreed to release defendants from their lease obligations. In return, defendants agreed to close their business, to pay plaintiff $5,000, and to transfer certain equipment and personal property[1] to either plaintiff or Mountain Mike's. In a letter dated July 21, 1993, plaintiff's attorney confirmed that the July 15 letter accurately stated the parties' agreement. No final agreement was ever signed by the parties.

---

[1] Some of defendants' equipment was leased and the agreement was contingent on the lessor's approval. Additionally, some but not all of the equipment appears to have been fixtures.

On July 15, 1993, defendants closed their pizza parlor. On July 25, 1993, an inventory of the premises was conducted. At that time, a representative of Mountain Mike's inspected the premises. Defendant Stan Miller gave the keys to the premises to Mountain Mike's representative. Defendants left the equipment and personal property that was supposed to be transferred to either plaintiff or Mountain Mike's on the premises. In August 1993, Mountain Mike's told plaintiff that it would not be leasing the premises. Plaintiff took the position that the agreement to release defendants from the lease was contingent on having a third party lease the premises. Plaintiff accordingly notified defendants that their lease was still in effect.

Defendants took a different position. Their attorney sent plaintiff's attorney a check for $5,000 along with a letter stating that, in defendants' view, the lease terminated on July 31, 1993. Plaintiff returned the $5,000 check. Plaintiff did not return the keys to defendants and thus, the parties assume, retained possession of defendants' equipment and personal property. In November 1994, plaintiff leased the premises to Azteca Mexican Restaurant.

In June 1995, plaintiff sued defendants to recover unpaid rent, common area maintenance charges, late fees, management fees, and lost profits. Defendants raised the settlement agreement as an affirmative defense. They argued that, even if plaintiff's promise to release them from their existing lease obligations was conditioned on Mountain Mike's entering into a new lease, plaintiff waived that condition. Defendants reasoned that when plaintiff retained their property after it knew that Mountain Mike's was not going to lease the premises, plaintiff either waived the condition or promised to perform in spite of its nonoccurrence. Following a jury trial, the trial court entered a judgment in favor of plaintiff for $45,000 plus costs, disbursements, and attorney fees.

On appeal, defendants argue that the trial court erred in failing to give three of their requested jury instructions. Relying on section 246 of the *Restatement (Second) of Contracts* (1981), defendants argue that the jury should have been instructed that acceptance or retention of one party's

performance with knowledge of or reason to know of the non-occurrence of a condition operates as a promise to perform in spite of that nonoccurrence. As a corollary to that argument, defendants contend that the instruction the trial court gave on waiver was not adequate. Plaintiff responds that section 246 applies only to nonmaterial conditions and the condition that Mountain Mike's enter into a lease with plaintiff was material. Because we hold that the instruction that the trial court gave on waiver was adequate, we do not reach the question whether section 246 of the *Restatement (Second) of Contracts* applies to material conditions.

■ Defendants' arguments on appeal focus on two of their three requested jury instructions. Echoing section 246 of the *Restatement (Second) of Contracts,* defendants' second requested instruction states:

> "If you find that the Plaintiff's promise to release the Defendants pursuant to the Settlement Agreement was contingent upon a signed lease between Plaintiff and [Mountain] Mike's, and that there was no signed lease between Plaintiff and [Mountain] Mike's, you must then consider whether the Plaintiff is nevertheless bound by his promise because the non-occurrence of the condition was excused or waived.

> "The acceptance by one party of the other party's performance, or the retention by one party of the other party's performance for an unreasonable time, with knowledge of or reason to know of the non-occurrence of a condition to the party's performance, operates as a promise by the party to perform the contract in spite of the non-occurrence of the condition."[2]

Defendants' third requested jury instruction builds on the second. It would have told the jury that retention of defendants' property could constitute acceptance of defendants' performance under the agreement and thus could operate as

---

[2] Defendants' second requested instruction treats the concepts of waiver and of a promise to perform in spite of the nonoccurrence of the condition as having equivalent meanings. That treatment is consistent with the comments to section 84(1) of the *Restatement (Second) of Contracts*, which states that a promise to perform despite the nonoccurrence of a condition can be thought of in terms of waiver of a defense not addressed to the merits. *Restatement (Second) of Contracts* § 84 cmt a (1979).

a promise to perform in spite of the fact that Mountain Mike's had not agreed to lease the premises. That instruction states:

"As I have indicated to you in other instructions, acceptance of performance or retention of performance amounts to a promise by a party to perform the contract notwithstanding the non-occurrence of a condition. In deciding whether the Plaintiff accepted performance from the Defendants knowing of the non-occurrence of any condition, you may consider: (a) Whether Defendants voluntarily surrendered possession of their property to [Mountain] Mike's or Plaintiff; (b) Whether Plaintiff took or retained possession of Defendants' property; (c) How long Plaintiff retained possession of the Defendants' property; and (d) Whether Plaintiff tendered possession to Defendants of their property after the non-occurrence of the condition.

"I instruct you that if you find that the Plaintiff accepted or retained possession of the Defendants' property, knowing of the non-occurrence of a condition, that amounts to a promise by Plaintiff to perform the Settlement Agreement notwithstanding the non-occurrence of any condition.

"I further instruct you that in order for Plaintiff to retract or rescind such a promise to perform, the Plaintiff must prove by a preponderance of the evidence that he actually tendered possession of all the Defendants' property back to the Defendants. I further instruct you that it is not sufficient for Plaintiff to prove that the Defendants' property was available and that the Defendants never asked for it or took possession of it."

Although the trial court declined to give those instructions, it did instruct the jury that one party can waive a condition by accepting the other party's performance under the contract, and it did not restrict waiver to nonmaterial conditions. The trial court's instruction stated:

"Conditions in a contract may be waived by the parties, either expressly, or by implication. A party for whose benefit the condition is put in the contract may waive the condition.

"A waiver of a condition consists of words or conduct by the party, despite the nonoccurrence of the condition which evidences an intent by the party to either perform the party's duties under the contract, or to accept the other

part[y's] performance under the contract. A party who has waived a condition has a duty to perform the contract as though the condition does not exist. And his or her failure to do so constitutes a breach of contract."

Defendants do not argue that this instruction constituted an inaccurate statement of the law. They argue that this instruction was inadequate because it "prevented the jury from specifically considering whether [plaintiff's] retention of [defendants'] property waived the condition precedent of a side deal with [Mountain] Mike's."

The instruction the trial court gave did not have that effect. Rather, the court's instruction specifically told the jury that a condition may be waived by acceptance of the other party's performance and that a party who waives a condition has a duty to perform the contract notwithstanding the non-occurrence of the condition. Under the instruction the trial court gave, defendants were free to argue and the jury was free to consider whether plaintiff's retention of defendants' property constituted acceptance of their performance and thus waived the condition precedent of a side deal with Mountain Mike's.

■     The trial court was under no obligation to give the precise instructions defendants requested. *See Seidel v. Time Ins. Co.*, 157 Or App 556, 562, 970 P2d 255 (1998). A court need not give a requested instruction if the substance of the instruction is covered fully by the other jury instructions it gives. *Hernandez*, 327 Or at 106. Although the trial court's instruction did not specifically tell the jury that plaintiff's retention of defendants' property could constitute plaintiff's acceptance of defendant's performance, the trial court was not required to descend to that level of factual specificity and was wise to avoid it. *See State v. Hayward*, 327 Or 397, 410-11, 963 P2d 667 (1998) ("A court impermissibly comments on the evidence when it gives a jury instruction that tells the jury how specific evidence relates to a particular legal issue"); *see also* ORCP 59 E ("The judge shall not instruct with respect to matters of fact, nor comment thereon."). Because the substance of defendants' requested jury instructions was covered by the trial court's instruction

on waiver, we conclude that the trial court did not err in refusing to give defendants' requested instructions.[3]

Affirmed.

---

[3] As noted above, defendants assign error to the trial court's decision not to give three of their requested instructions but focus their argument on only the second and third requested instructions. Defendants' first requested instruction assumes that plaintiff's obligation to release defendants from their lease obligations pursuant to the settlement agreement was not conditioned on Mountain Mike's leasing the premises from plaintiff. The jury, however, reasonably could have found that Mountain Mike's entering into a lease of the premises was a condition precedent to plaintiff's duty to release defendants from their lease obligations. The trial court did not err in refusing to give an instruction that would have effectively directed the jury to reach a contrary conclusion.

We have considered the fourth ruling defendants assign as error and affirm that ruling without discussion.